UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL A. OUELLETTE, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:14-cv-00260-GZS |
| GUY DESJARDINS, et als., | ) ) ) | |
| Defendants | ) | |

## RECOMMENDED DECISION ON MOTIONS TO DISMISS

This matter is before the Court on the Motion to Dismiss of Defendants Corizon Medical Services, Dr. George Stockwell, Cindy McDonough, Robert Carey, and Dianne North (ECF No. 10) and the Motion to Dismiss of Guy Desjardins, Jeff Chute, Lane Feldman and John Lebel (ECF No. 13).[1] Through their motions, Defendants maintain that Plaintiff has not stated a claim upon which relief can be granted, and that Plaintiff's claim is barred by the doctrine of res judicata.

As explained below, following a review of the pleadings, and after consideration of the written argument, the recommendation is that the Court grant the motions.

**FACTUAL BACKGROUND**

Plaintiff filed his Complaint on July 1, 2014. In his factual statement, Plaintiff asserts:

> Medical/Mental Health Services Denied, provided, withdrawn, fraudulent charges, Prescription Co-Pay for Non-Prescription Items, theft from accounts without informed consent or Receipt. Retaliation and coercion in Medically Justified Restrictions resulting in Isolation, Restriction, Deprivation of Disabled Persons with Services Mental Illness and exempt from Charges by law and member of a Protected Class.

---

[1] The Court referred the motions for report and recommended decision.

Plaintiff previously[2] filed two actions setting forth similar claims.

### 1. Prior Maine Superior Court Action

In a Maine Superior Court action against Guy Desjardins, et al., Plaintiff asserted:

1. Violation of the A.M.H.I. Class, Consent Decrees Rights of Recipients of Mental Health Services, Section 3., Basic Rights, as outlined in Title 34-B MRSA Section 3003.

2. Fraud and Theft by Unauthorized Taking, by listing nonprescription medication as prescription and assigning a prescription co-pay thereby providing fraudulent justification for Theft from inmate accounts.

3. Medical Malpractice, Professional Negligence in regards to protocols denying summarily, necessary, beneficial and needed treatment, fraudulently billing for service which may not be granted due to protocol and the interference in, and sabotage or discontinuation of, adequate and effective treatment lawfully provided with patients informed consent for the purpose of retaliation, deprevation, punishment and the intention infliction of Mental & Emotional Distress and physical pain and discomfort in Deliberate Indifference to the patients serious Medical and Mental Health needs.

….
4. Pursuant to Title 5-M.R.S.A. Section 4633, Prohibition against Retaliation and Coercion in regards to Corizon M.S. employees denial and discontinuation of treatment, placement in most restrictive setting, under guise of treatment in attempt to coerce Plaintiff's acceptance of treatment as offered without a written treatment plan in violation of the consent decree and with the active participation and support of Jail Staff who authorized an condoned the abuse.

5. Pursuant to Title 5-M.R.S.A. Section 4621, Civil Actions by Aggrieved Persons, which are the jurisdiction of the Superior Court. Under Section 4553. Definitions Subsection 2. "Discriminate" includes, without limitation, segregate or separate. Under 2C., Utilizing standards, criteria or methods of administration: (1) that have the effect of discrimination on the basis of disability; or (2) That perpetuate the discrimination of others who are subject to common administrative control. Note: Plaintiff previously unaware of Maine Human Rights Commission is filing COMPLAINT with the Commision, December 24, 2012.

6. Pursuant to Title 5-M.R.S.A. Section 4682., Violations of constitutional rights; civil actions by aggrieved persons.
….

---

[2] Defendants' reliance on the records of prior litigation is unopposed by Plaintiff. The records appear authentic, though they do not bear the Superior Court's seal and are not introduced through an affidavit of counsel. Because Plaintiff has failed to raise any objection, the records are presumed to be accurate copies of authentic public records. *See* D. Me. Loc. R. 7(b) (failure to respond to a motion to dismiss is deemed a waiver of objection).

> 6. [sic] (Regarding Section 4682) A. Plaintiff is seeking punitive damages pursuant to Malice, In Maine, punitive damages are available upon showing the defendant acted with malice. Comfort v. Town of Pittsfield, D.Me.1996, F.Supp. 1219.
>
> Wherefore the Plaintiff Prays no further undo delays in adjudication of Declaratory Judgment, Injunctive Relief as the Defendants are aware of what, in most relevant part, what they are being sued for and that ample evidence has been provided by the Plaintiff, showing Infection with Hepatitus C. Virus an the denial of treatment by Nurse Practitioner, Cindy McDoughna Dr. George Stockwell, as a matter of Jail Policy Procedure and Protocol, with denial by the county to Nurse Lisa Cates of Medpro, Somerset County Jail Medical Providers, request for authorization to provide Hep C treatment as a Final Agency Action, Governmental Action, pursuant to Rule 80B,C, Maine Rules of Civil Procedure, Maine Rules of Court. Plaintiff's petition for Declaratory Judgment and Injunctive Relief are both proper and timely filed and Pray relief is Granted by the Court as deemed appropriate by its' sound judicial judgment.

(Summary of Complaint for Clarification, *Ouellette v. Desjardins*, No. CV-12-121, Me. Sup. Ct. Andr. Cnty (ECF No. 10-3) (emphasis supplied); *see also* Order Granting Motion for More Definite Statement (ECF No. 10-1).)

Defendants represent that Plaintiff filed the Superior Court action while he was incarcerated at the Androscoggin County Jail. A review of the record supports Defendants' representation. For instance, on December 24, 2012, while Plaintiff was incarcerated in the Somerset County Jail, he wrote to the Androscoggin Jail and referenced his prior incarceration in the Androscoggin jail.[3] On October 21, 2013, the Superior Court entered an order dismissing Plaintiff's case with prejudice for failure to prosecute. (ECF No. 10-7.)

## 2. Prior United States District Court Action

On February 12, 2013, while the Superior Court action was pending, Plaintiff filed an action in this Court against the Androscoggin County Jail, Sheriff Desjardins, Jail Administrator

---

[3] In his letter, Plaintiff apologized for the poor quality of his initial pleadings, but explained that he had petitioned the court under emergency circumstances. He wrote: "Well now they have it. I'm receiving excellent medical care in stark contrast to that received from Corizon Medical Services and the Androscoggin County Jail." (ECF No. 10-3, PageID # 85.)

Label, and Lt. Jeff Chute. *Ouellette v. Desjardins*, No. 2:13-cv-00051. In an amended complaint (ECF No. 5) filed March 11, 2013, Plaintiff also named Lane Feldman, Bob Carey, Diana North, George Stockwell, and others. Plaintiff alleged:

> After filing a Civil Action in State Court I was transferred to another County and returned to same conditions. Denial of Establish Care & medication refusal to provide written treatment plan or documentation and subsequent restriction & deprivation as a pattern of treating the disabled rather than expensive individualized care. Abuse & exploitation, punishment, deprivation, isolation instead of care to allow c[h]ronic pain without relief or accommodation is the physical injury as conditions cause long term impairment.

On May 8, 2013, in the absence of any objection from Plaintiff, the Court adopted the Recommended Decision [4] (ECF No. 8) that the Court dismiss the action (1) based on Plaintiff's failure to comply with an order (ECF No. 6) directing him to file an amended complaint setting forth a cause of action against the named defendants, and (2) based on Plaintiff's failure to provide the Court with an updated address. (Notices sent to Plaintiff were returned as undeliverable.) In its Order, the Court noted that dismissal was based on Plaintiff's failure to prosecute the action, including by failing to comply with Court orders and by failing to provide an address where he could be reached. (ECF No. 10.) The Judgment specified that dismissal was for failure to prosecute. (ECF No. 11.)

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of

---

[4] In the context of reviewing Plaintiff's application to proceed in forma pauperis, Magistrate Judge Kravchuk cautioned Plaintiff regarding the consequences of having three IFP actions dismissed under 28 U.S.C. § 1915(e), (g), and explained that Plaintiff's complaint was "particularly susceptible to summary dismissal because although he has named a raft of defendants in his amended complaint and appears to be alleging something about medical or mental health care and treatment, he has not provided a factual basis for his claims as to individual defendants nor has he provided factual details about his claim." (Recommended Decision at 3, Case No. 2:13-cv-00051-GZS, ECF No. 6.)

all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome a motion to dismiss, a plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim(s) at issue.[5] *Id.*

Although the Court's review of a motion to dismiss is ordinarily limited to consideration of the allegations within the four corners of the complaint, the Court under certain circumstances can consider additional information. *Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002). Here, a primary basis for the pending motions to dismiss is the doctrine of res judicata; specifically, the doctrine of claim preclusion. While res judicata is an affirmative defense, the defense may be raised in a motion to dismiss because the prior adjudication and the nature of the claims made in the prior litigation are susceptible to proof by means of judicially noticeable public records. *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008); *Glenwood Farms, Inc. v. O'Connor*, 666 F. Supp. 2d 154, 174 n.14 (D. Me. 2009).

In assessing whether a plaintiff has asserted a cause of action, a court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). Although a *pro se* plaintiff's complaint is subject to "less stringent standards than

---

[5] Plaintiff has failed to oppose the motions to dismiss. The Court, therefore, could conclude that Plaintiff has waived any opposition to the motions. See D. Me. Loc. R. 7(b) ("Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."); *see also NEPSK, Inc. d/b/a Houlton Cable v. Town of Houlton,* 283 F.3d 1, 7 (1st Cir.2002) ("[I]t is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity."); *ITI Holdings, Inc. v. Odom,* 468 F.3d 17, 18 (1st Cir.2006) ("Nothing in [the] text [of Rule 12(b)(6)] compels the court to apply any particular standard in deciding whether to grant or deny a motion. Thus, our holding in *Town of Houlton* that strict enforcement of Local Rule 7(b) creates no impermissible conflict with Rule 12(c) applies with equal force to Rule 12(b)(6).").

formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim"). In this case, Plaintiff's complaint consists of a one paragraph statement, which is comprised of conclusory terms and general allegations. In short, Plaintiff has failed to assert any facts that would support a cause of action against any of the named Defendants. Plaintiff, therefore, has failed to state a claim upon which relief can be granted.

Defendants also contend that the doctrine of res judicata, more specifically claim preclusion, bars Plaintiff from proceeding in this action. "Claim preclusion bars the relitigation of claims if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been, litigated in the first action." *Wilmington Trust Co. v. Sullivan–Thorne*, 2013 ME 94, ¶ 7, 81 A.3d 371, 374-75 (quotation marks omitted).[6]

While Plaintiff's general and conclusory allegations suggest that Plaintiff might be attempting to assert claims that he previously litigated, because Plaintiff has not asserted facts from which one can discern the bases of his claim, the application of the doctrine of res judicata cannot be determined. That is, in order to ascertain whether Plaintiff's claim is barred by the doctrine of

---

[6] The preclusive effect of a prior state court judgment is determined by reference to state law 'even when the new case poses a quintessentially federal question." *Goldstein v. Galvin*, 719 F.3d 16, 22 (1st Cir. 2013). State law is discussed here because it appears that the Superior Court action ended after the prior federal court action, a fact that may give the state court judgment greater preclusive effect. However, federal law is consistent with Maine law of claim preclusion. *Hatch v. Trail King Indus., Inc.*, 699 F.3d 38, 45 (1st Cir. 2012) ("The three elements of claim preclusion are: (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions.") (internal quotation marks omitted).

res judicata, the Court in part has to assess whether Plaintiff's claim was or might have been litigated previously. Plaintiff's complaint lacks the factual allegations necessary for that analysis. On the current pleadings, therefore, dismissal based on the doctrine of res judicata is not appropriate.

## CONCLUSION

Based on the foregoing analysis, because Plaintiff has failed to state a claim upon which relief can be granted, the recommendation is that the Court grant the Defendants' motions to dismiss (ECF Nos. 10, 13), and dismiss Plaintiff's Complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of December, 2014.